**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CYNTHIA PITTS, as Special Administrator of the Estate of STEPHEN R. GILBERT, deceased, BRITTANY PITTS, deceased, and BRIANNA PITTS, deceased, </br></br>    Plaintiff,</br></br>  v.</br></br>NORFOLK SOUTHERN RAILWAY CO.,</br></br>    Defendant. | CAUSE NO. 08-410-WDS |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on plaintiff's motion for leave to file a first amended complaint (Doc. 18) to which the defendants have filed a response in opposition (Doc. 21) and the plaintiffs a reply (Doc. 22). Plaintiff's Amended Complaint seeks to add two additional defendants, Joshua R. Kern and Jeffrey W. Morgan. The Court previously directed the parties to file a status report as to the residence of these potential defendants (see Order at Doc. 23). The parties have now filed a status report which provides that potential defendant Morgan resides in Illinois, in that he maintains a home address and residence in Illinois, and that potential defendant Kern is a resident of Indiana (See, Doc. 24).

The defendant opposes the motion to amend on the ground that the plaintiff only seeks to amend the complaint in an effort to avoid this Court's jurisdiction. Defendants note that the plaintiff first sought voluntary dismissal (Doc. 14) which the defendants opposed, then the plaintiff moved to amend to add the non-diverse defendants, which would, in turn, destroy this Court's diversity jurisdiction. The defendants oppose the motion to dismiss, as well as the

motion for leave to file an amended complaint. Plaintiff has responded to the defendants' opposition, asserting that discovery has revealed that the proposed defendant engineer, the non-diverse defendant, failed to sound a whistle, as required by law, and therefore, plaintiff has a legitimate claim against that defendant, and his proposed joinder is not for the purpose of defeating this Court's jurisdiction.

28 U.S.C. § 1447(e) provides that, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." This is exactly the situation which is presented in this action. After removal, plaintiff seeks to add non-diverse defendants, however, it appears to the Court that the plaintiff's claim against this defendant has potential substance, and therefore, it is appropriate for this Court to allow the motion for leave to amend.

Therefore, the Court **GRANTS** plaintiff's motion for leave to file an amended complaint, and, in light of that amendment, **FINDS** that the Court no longer has diversity jurisdiction, and therefore **REMANDS** this action to the Circuit Court for the Second Judicial Circuit, Jefferson County, Illinois.

All other pending motions are denied as moot.

**IT IS SO ORDERED.**

**DATE: December 17, 2008.**

                                                 **s/ WILLIAM D. STIEHL**
                                                        **District Judge**